PEOPLE v. GOTTFRIED.

(Supreme Court, Appellate Term.   January 7, 1909.)

FOOD (§ 21*)—AGRICULTURAL LAW—SUBSTITUTE FOR BUTTER—EVIDENCE.

    State inspectors found on defendant's premises a tub of a substance marked "Bakers' Choice."   The tub was also stamped with the word "Oleomargarine," and the state chemist testified that it was other than butter and answered a description of oleomargarine, but that he had not tasted it or examined its texture.   Defendant's evidence, which was undisputed, showed that the substance had neither the taste nor texture of butter, that it contained no poisonous matter, and was not colored.   *Held,* that accused was not guilty of violating Agricultural Law (Laws 1893, p. 664, c. 338) § 28, provided that no keeper of a bakery should keep, use, or serve any article or substance resembling butter, as or for butter.

    [Ed. Note.—For other cases, see Food, Dec. Dig. § 21.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the People against Elias Gottfried to recover a penalty for defendant's alleged violation of the agricultural law by the use of a substance claimed to resemble oleomargarine in his business as a baker.   Judgment for the People, and defendant appeals.   Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Maurice Meyer (Joseph Farmer, of counsel), for appellant.
William Schuyler Jackson (Joseph D. Edelson, of counsel), for the People.

SEABURY, J.   Judgment for a penalty has been recovered against the defendant for the alleged violation of section 28 of the agricultural law of this state (Laws 1893, p. 664, c. 338; sections 8 and 37, c. 338, pp. 658, 666, Laws of 1893, and acts amendatory thereof [Laws 1901, p. 1677, c. 656, § 1; Laws 1907, p. 184, c. 137, § 1]). The defendant was engaged in the bakery business at No. 125 East Houston street, New York City.   Inspectors of the department of agriculture found on said premises a tub full of a substance which was marked "Bakers' Choice."   On the tub was also stamped the word "Oleomargarine."   The defendant's wife, who was in charge of the bakery, stated in response to questions of the inspectors that the substance was purchased to be used in the bakery.   A sample of the substance was taken by the inspectors and was analyzed by a chemist. In reference to it the chemist testified:

"I found it to be a substance other than butter, commonly known or answering the description of oleomargarine."

The chemist admitted that he did not taste the substance or examine its texture.   The evidence offered by the plaintiff was wholly insufficient to establish that "Bakers' Choice," or the substance contained in the tub found in the defendant's bakery, was made "in imitation or in semblance of natural butter."   Evidence presented on behalf of the

defendant showed that the substance was known as "Bakers' Choice," and that neither its taste nor texture resembled butter, and that it contained no poisonous matter, and that it was not colored. The evidence offered by the defendant was clear and direct, showing the ingredients contained in the substance, and pointed out the particular respects in which that substance differed from natural butter. This evidence was not contradicted, except by the general statement of the chemist that the substance answered the description of oleomargarine. To sustain this judgment, upon the record now before us, it would be necessary for us to hold that the use in any bakery of a substance answering the description of oleomargarine was illegal. Such is not the law of this state. People v. Marx, 99 N. Y. 377, 2 N. E. 29, 52 Am. Rep. 34; People v. Biesecker, 169 N. Y. 53, 61 N. E. 990, 57 L. R. A. 178, 88 Am. St. Rep. 534; People ex rel. McAuley v. Wahle, 124 App. Div. 762, 109 N. Y. Supp. 629.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.